1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE ROBINS, JR., | CV F 05 1285 AWI LJO P |
|           Plaintiff, | |
|    v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1) |
| ADAMS, et. al., | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
|           Defendants. | |
| _____/ | |

Robert Lee Robins, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**A.  SCREENING STANDARD**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

1   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

3   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

4   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

5   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

6          A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

7   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

8   support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

9   467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

10  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

11  complaint under this standard, the court must accept as true the allegations of the complaint in

12  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

13  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

14  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15  **B.  SUMMARY OF COMPLAINT**

16         Plaintiff states that on October 19, 2004, at approximately 21:00 hours, Correctional

17  Officers Adams and Silva committed assault and battery upon his person.  Plaintiff states that

18  these two Defendants took him outside for the sole purpose of subjecting him to an unlawful

19  beating while he remained handcuffed.  Plaintiff states that he was placing his property in his cell

20  after he had been wrongfully moved from his prior cell because Sgt. Kehoe failed to verify the

21  names of inmates to be moved from a list.  Plaintiff states that Defendant Kehoe falsified

22  Plaintiff name on a "move form" which subjected him to injury.   Plaintiff was told by

23  Defendants Adams and Silva that he had only two minutes to unload all of his property from the

24  cart and when he was unable to do so, they became aggressive with him.   Plaintiff was then told

25  to "cuff up," complied with the order and was then taken outside where he was assaulted and

26  battered.   Plaintiff states that he was repeatedly slammed against the outside of the building wall

27  and that Defendant Adams grabbed him around the neck and began to choke him while slamming

28  his right side of his fact into the wall.  Plaintiff states that other Correctional Officers watched

1    but did nothing.  Defendant Silva then began kicking Plaintiff behind his right and left legs

2    causing him to fall to his knees into the cell.  Both officers then grabbed him and threw him

3    against the lower locker head first.

4         Plaintiff argues that Defendants Scribner, Warden Pauls, Yamamoto, Marshal, Batello,

5    Brooks, Lowden, Hernandez, Wren, Kehoe, and Dotson subjected him to unlawful detention by

6    placing him in administrative segregation based on the fact that he is black.  Plaintiff states that

7    he was not given notice of any violation and was not given the right to present witnesses or

8    evidence.  Plaintiff states that his "defense was granted because no wrong doing by Plaintiff was

9    done or alleged."

10        Plaintiff also alleges generally that he was denied yard time from March 13, 2004 to June

11   2, 2004.  Plaintiff complains that all of his funds are being embezzled by the Trust Account Staff

12   and as a result, he cannot go to the canteen.  Plaintiff states that this embezzlement is retaliatory

13   based on his use of the prison grievances.

14   **C.  CLAIMS FOR RELIEF**

15       *1.  Linkage Requirement*

16        The Civil Rights Act under which this action was filed provides:

17           Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the

18           deprivation of any rights, privileges, or immunities secured by the
        Constitution . . . shall be liable to the party injured in an action at

19           law, suit in equity, or other proper proceeding for redress.

20   42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

21   the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

22   Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

23   (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

24   constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

25   in another's affirmative acts or omits to perform an act which he is legally required to do that

26   causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

27   Cir. 1978).  In order to state a claim for relief under section 1983, the plaintiff must link each

28   named defendant with some affirmative act or omission that demonstrates a violation of

1   plaintiff's federal rights.

2   ### 2. Eighth Amendment

3   "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

4   Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8

5   (1992). "The objective component of an Eighth Amendment claim is . . . contextual and

6   responsive to contemporary standards of decency." Id. (quotations and citations omitted).

7   "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-

8   confinement claim," and "deliberate indifference to medical needs" violates the Eighth

9   Amendment "only if those needs are 'serious.'" Id. at 9 (*citation omitted*). With respect to these

10  types of claims, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay

11  for their offenses against society, only those deprivations denying the minimal civilized measure

12  of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."

13  Id. at 9 (quotations and citations omitted). With respect to excessive force claims, however, the

14  malicious and sadistic use of force to cause harm *always* violates contemporary standards of

15  decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v.

16  Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines

17  de minimis uses of force, not de minimis injuries)).

18  Plaintiff's allegations against Defendants Adams and Silva are adequate to state an Eighth

19  Amendment claim of cruel and unusual punishment.

20  ### 3. Race Based Unlawful Lockdown

21  The Due Process Clause protects prisoners from being deprived of liberty without due

22  process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of

23  action for deprivation of procedural due process, a plaintiff must first establish the existence of a

24  liberty interest for which the protection is sought. Liberty interests may arise from the Due

25  Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due

26  Process Clause itself does not confer on inmates a liberty interest in being confined in the general

27  prison population instead of administrative segregation. See Hewitt, 459 U.S. at 466-68. With

28  respect to liberty interests arising from state law, the existence of a liberty interest created by

1    prison regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner,

2    515 U.S. 472, 481-84 (1995)(discussing due process limitations on inmates facing lockdown

3    status).  Liberty interests created by prison regulations are limited to freedom from restraint

4    which "imposes atypical and significant hardship on the inmate in relation to the ordinary

5    incidents of prison life."  Id. at 484.

6         Plaintiff is not entitled to procedural due process protections in a vacuum.  As stated

7    above, in order to be entitled under federal law to any procedural due process protections,

8    plaintiff must first have a liberty interest at stake.  Plaintiff has alleged no facts that establish the

9    existence of a liberty interest in remaining free from Ad-Seg.  Id.; see also May v. Baldwin, 109

10   F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no

11   liberty interest in freedom from state action taken within sentence imposed and administrative

12   segregation falls within the terms of confinement ordinarily contemplated by a sentence)

13   (*quotations omitted*); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement

14   and retention in the SHU was within range of confinement normally expected by inmates in

15   relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty

16   interest in being free from confinement in the SHU) (*quotations omitted*).  Because Plaintiff has

17   not established the existence of a liberty interest in remaining free from Ad-Seg during the course

18   of a lockdown, In addition, Plaintiff fails to link any of the named Defendants to an act or

19   omission that might give rise to a due process violation.  Accordingly, Plaintiff has failed to state

20   a claim for relief under section 1983.

21        *4.  Embezzlement of Trust Funds*

22        The Due Process Clause protects prisoners from being deprived of property without due

23   process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected

24   interest in their personal property.  Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However,

25   while an authorized, intentional deprivation of property is actionable under the Due Process

26   Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman

27   Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither

28   negligent nor unauthorized intentional deprivations of property by a state employee "constitute a

1  violation of the procedural requirements of the Due Process Clause of the Fourteenth

2  Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v.

3  Palmer, 468 U.S. 517, 533 (1984).

4        In this case, Plaintiff alleges that funds from his trust account are being "embezzled."

5  This clearly implies that the deprivation of Plaintiff's property is unauthorized.  As noted above,

6  the unauthorized taking of property does not give rise to a constitutional claim for relief.  Even

7  were the taking authorized, Plaintiff does not allege sufficient facts indicating that he was denied

8  due process nor does he link any named individual to an act or omission giving rise to a claim for

9  relief.

10 **D.  CONCLUSION**

11       The Court finds Plaintiff's Complaint states a cognizable Eighth Amendment claim

12 against Defendants Adams and Silva for cruel and unusual punishment.  However, Plaintiff's

13 Complaint does not contain any other cognizable claims for relief.  As such, the Court will grant

14 Plaintiff the opportunity to file an Amended Complaint to cure the deficiencies, or, in the

15 alternative, notify the Court in writing whether Plaintiff intends to proceed directly with those

16 claims found to be cognizable.  Plaintiff should note that Local Rule 15-220 requires that an

17 Amended Complaint be complete in itself without reference to prior pleadings.

18       In the event Plaintiff wishes to proceed on the cognizable claims, the Court will issue

19 Findings and Recommendations to dismiss those claims not cognizable.  The Court will then

20 forward Plaintiff a summons and USM-285 form to fill out and return to the Court in order to

21 effect service on the Defendants.  Upon the return of these forms, the Court will direct the US

22 Marshal to initiate service of process on Defendants.

23       Based on the foregoing, it is HEREBY ORDERED that:

24    1.    The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

25          complaint form;

26    2.    The Complaint is DISMISSED with leave to amend.  Within THIRTY (30) days

27          from the date of service of this order, Plaintiff SHALL either:

28          a.    File an Amended Complaint curing the deficiencies identified by the Court

1    in this Order, or

2         b.    Notify the Court in writing that he does not wish to file an Amended

3         Complaint and instead wishes to proceed on the cognizable claims for

4         relief set forth in this Order.

5         Plaintiff is forewarned that his failure to comply with this Order may result in a

6    Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

7    IT IS SO ORDERED.

8    **Dated:**   **November 8, 2006**         **/s/ Lawrence J. O'Neill**
     b9ed48                  UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7