# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE ROBINS, JR., | 1:05-cv-01285-AWI-GSA-PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND DEFENDANTS' MOTION FOR EXTENSION OF DISCOVERY DEADLINE, AS LIMITED BY THIS ORDER (Doc. 27.) |
| v. | |
| ADAMS, et. al., | |
| Defendants. | ORDER FOR PLAINTIFF TO PARTICIPATE IN DEPOSITION |
| | ORDER EXTENDING DEADLINES:<br>New Discovery Deadline:         11-01-2008<br>New Dispositive Motions Deadline:   12-01-2008 |

**I.   PROCEDURAL HISTORY**

Robert Lee Robins, Jr. ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's complaint, filed October 11, 2005. (Doc. 1.) The only remaining claims are plaintiff's claims against defendants Adams and Silva ("defendants") for Eighth Amendment cruel and unusual punishment under 42 U.S.C. § 1983. (Docs. 15, 19.) Defendants filed an answer to the complaint on May 22, 2007. (Doc. 22.) On July 12, 2007, the court issued a discovery and scheduling order, under which the deadline for the completion of all discovery, including filing motions to compel, was March 17, 2008, and the deadline for filing pre-trial dispositive motions was May 19, 2008. (Doc. 25.)

On March 17, 2008, defendants filed a motion to compel plaintiff's deposition, for the imposition of sanctions, and for an extension of the discovery deadline. (Doc. 27.) To date, plaintiff has not filed an opposition or any other response to defendants' motions.

1  II.     MOTION TO COMPEL

2       Defendants have filed a motion to compel plaintiff's deposition. Plaintiff has not filed an
3  opposition or any other response to the motion.
4       Rule 37 of the Federal Rules of Civil Procedure provides that a party may move the court
5  for an order compelling a party to participate in a deposition after being served with proper
6  notice. Fed. R. Civ. P. 3(a).
7       Defendants state that they attempted to depose plaintiff after proper notice three times –
8  on February 26, 2008, March 3, 2008, and March 13, 2008 – but each time plaintiff called at the
9  last minute to cancel for various reasons. According to defendants, a few days prior to the first
10 scheduled deposition, plaintiff called defense counsel notifying him that plaintiff's parole officer
11 would not give him clearance to leave the county and attend the deposition. Defendants later
12 learned from the parole officer that plaintiff was not denied clearance, but rather insisted that the
13 California Department of Corrections and Rehabilitation ("CDCR") should pay for plaintiff's
14 deposition costs, which the CDCR refused to do. An hour prior to the second scheduled
15 deposition, plaintiff called defense counsel and stated that he was having car trouble and was
16 unable to attend the deposition. Finally, the day before the third scheduled deposition, plaintiff
17 called defense counsel and stated that he was unable to obtain clearance from his new parole
18 officer and would not be able to attend the deposition. One week before, defense counsel had
19 spoken with plaintiff's new parole officer and was informed that it would not be a problem for
20 plaintiff to travel to the deposition. Plaintiff also told defense counsel that he did not know when
21 he would be able to find time to attend the deposition. Defendants maintain that although
22 plaintiff has not blatantly refused to be deposed, he has clearly avoided being deposed or does not
23 take the discovery process seriously. Defendants argue that they will be prejudiced if plaintiff is
24 allowed to refuse to cooperate with his deposition. The court concurs. Therefore, the motion to
25 compel shall be granted. Defendants' counsel may re-notice plaintiff's deposition, and plaintiff
26 shall be required to attend, participate, and cooperate in the deposition.
27 ///
28 ///

### III. MOTION FOR EXTENSION OF THE DISCOVERY DEADLINE

A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4). Defendants have filed a motion for the court to extend the discovery deadline for the purpose of taking plaintiff's deposition. Good cause having been presented to the court and good cause appearing therefor, the discovery deadline shall be extended to **October 1, 2008,** and limited to the discovery at issue in defendants' motion to compel plaintiff's deposition and any discovery necessitated by resolution of defendants' motion to compel. In light of this extension, the deadline for filing pretrial dispositive motions shall also be extended to **December 1, 2008**.

### IV. MOTION FOR SANCTIONS

Defendants have moved the court for imposition of sanctions upon plaintiff for his repeated failure to appear at his deposition. Defendants claim that they were charged a $150 cancellation fee by the deposition company upon cancellation of plaintiff's deposition, due to plaintiff's failure to appear.

If a party fails to appear for deposition, sanctions may be imposed even in the absence of a prior court order. Fed. R. Civ. P 37(d)(1)(A)(i); Henry v. Gill Industries, Inc., 983 F.2d 943, 947. Repeated last-minute cancellations constitute "failure to appear." Id. A party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorney fees, unless the losing party was substantially justified in making or opposing the motion, or if other circumstances make such an award unjust. Fed. R. Civ. P. 37(a)(5). The losing party must have had notice and an opportunity to be heard before a court will award expenses to the prevailing party on a motion to compel. Id.; Falstaff Brewing Corp. V. Miller Brewing Co, 702 F.2d 770, 784, fn. 11 (9th Cir. 1983). Therefore, before ruling on defendants' motion for sanctions, the court shall order plaintiff, in an order filed concurrently with this order, to show cause why sanctions should not be imposed for his failure to appear at the deposition.

### D. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to compel plaintiff's deposition is GRANTED;

2. Defendants' counsel may re-notice plaintiff's deposition, and plaintiff is required to attend, participate, and cooperate in the deposition;

3. Defendants' motion for an extension of the discovery deadline is GRANTED;

4. The discovery deadline is extended to **October 1, 2008** and limited to the discovery at issue in defendants' motion to compel and any discovery necessitated by resolution of defendants' motion to compel;

5. The deadline for filing pretrial dispositive motions is extended to **December 1, 2008**;

6. In a subsequent order, the court shall order plaintiff to show cause why sanctions should not be imposed for his failure to attend his deposition; and

7. Plaintiff is forewarned that his failure to comply with this order will result in the imposition of sanctions which may include dismissal of this action.

IT IS SO ORDERED.

Dated:   **July 17, 2008**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE