# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE ROBINS, JR., | 1:05-cv-01285-AWI-GSA-PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILING TO APPEAR AT HIS DEPOSITION |
| v. | |
| ADAMS, et. al., | |
| Defendants. | THIRTY DAY DEADLINE TO RESPOND |

Robert Lee Robins, Jr. ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. In an order issued concurrently with this order, the court granted defendants' motion to compel plaintiff's deposition, based on allegations that plaintiff failed to appear at his deposition on three occasions after proper notice. As set forth below, plaintiff shall be required to show cause why sanctions, up to and including dismissal of this action, should not be imposed upon him for failing to appear at his deposition.

Defendants contend that they attempted to depose plaintiff after proper notice three times – on February 26, 2008, March 3, 2008, and March 13, 2008 – but each time plaintiff called at the last minute to cancel for various reasons. A few days prior to the first scheduled deposition, plaintiff called defense counsel notifying him that plaintiff's parole officer would not give him clearance to leave the county and attend the deposition. Defendants later learned from the parole officer that plaintiff was not denied clearance, but rather insisted that the California Department of Corrections and Rehabilitation ("CDCR") should pay for plaintiff's deposition costs, which the CDCR refused to do. An hour prior to the second scheduled deposition, plaintiff called defense counsel and stated that he was having car trouble and was unable to attend the deposition. Finally, the day before the third scheduled deposition, plaintiff called defense

1  counsel and stated that he was unable to obtain clearance from his new parole officer and would
2  not be able to attend the deposition.  One week before, defense counsel had spoken with
3  plaintiff's new parole officer and was informed that it would not be a problem for plaintiff to
4  travel to the deposition.  Plaintiff also told defense counsel that he did not know when he would
5  be able to find time to attend the deposition.  Defendants were charged a $150 cancellation fee by
6  the deposition company upon cancellation of plaintiff's deposition, due to plaintiff's failure to
7  appear.

8       Accordingly, plaintiff is required to show cause, in writing, why he should not be
9  sanctioned for failing to appear at his deposition.  After plaintiff files a response, defendants shall
10 file a reply.  If plaintiff fails to file a response to this order, this action will be dismissed for
11 failure to obey the court's order, and if plaintiff responds but fails to show cause, sanctions may
12 be imposed on plaintiff by the court.

13      Based on the foregoing, it is HEREBY ORDERED that:

14    1.   Within **thirty (30) days** from the date of service of this order, plaintiff shall show
15      cause, in writing, why sanctions should not be imposed against him for failing to
16      appear at his deposition on February 26, 2008, March 3, 2008, and March 13,
17      2008 ;

18    2.   Within **thirty (30) days** from the date of service of plaintiff's response,
19      defendants shall file a reply;

20    3.   If plaintiff fails to file a response to this order, this action may be dismissed for
21      failure to obey a court order; and

22    4.   If plaintiff responds to this order but fails to show cause, sanctions, up to and
23      including dismissal of this action, may be imposed on plaintiff by the court.

25 IT IS SO ORDERED.

26    **Dated:   July 17, 2008**              /s/ **Gary S. Austin**
27                                              UNITED STATES MAGISTRATE JUDGE