# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE ROBINS, JR., | 1:05-cv-01285-AWI-GSA-PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS |
| v. | (Doc. 27.) |
| ADAMS, et. al., | ORDER FOR PLAINTIFF TO PAY $150.00 TO DEFENDANTS WITHIN THIRTY DAYS |
| Defendants. / | |

**I.   PROCEDURAL HISTORY**

Robert Lee Robins, Jr. ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's complaint, filed October 11, 2005, on plaintiff's claims against defendants Adams and Silva ("defendants") for Eighth Amendment cruel and unusual punishment under 42 U.S.C. § 1983.

On March 17, 2008, defendants filed a motion to compel plaintiff to participate in his deposition and a motion for sanctions. (Doc. 27.) On July 17, 2008, the court granted defendants' motion to compel. (Doc. 28.) On July 21, 2008, the court issued an order requiring plaintiff to show cause why sanctions should not be imposed. (Doc, 29.) On August 12, 2008, plaintiff filed a response to the order to show cause. (Doc. 30.)

///

## II.     MOTION FOR SANCTIONS

If a party fails to appear for deposition, sanctions may be imposed even in the absence of a prior court order. Fed. R. Civ. P 37(d)(1)(A)(I); Henry v. Gill Industries, Inc., 983 F.2d 943, 947 (9th Cir. 1993). Repeated last-minute cancellations constitute "failure to appear." Id. A party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorney fees, unless the losing party was substantially justified in making or opposing the motion, or if other circumstances make such an award unjust. Fed. R. Civ. P. 37(a)(5).

Defendants state that they attempted to depose plaintiff after proper notice three times – on February 26, 2008, March 3, 2008, and March 13, 2008 – but each time plaintiff called at the last minute to cancel for various reasons. According to defendants, plaintiff also told defense counsel that he did not know when he would be able to find time to attend the deposition. Defendants maintain that although plaintiff did not blatantly refuse to be deposed, he clearly avoided being deposed or did not take the discovery process seriously.

Plaintiff contends that defendants' misrepresented the facts surrounding his failure to attend the deposition. Plaintiff contends he made every effort to comply with defendants' request to appear, while also meeting the conditions of his parole. Plaintiff claims he had no funds for transportation and lodging to attend the deposition in Sacramento. As a condition of his parole, plaintiff states that he must have permission from his parole officer to travel to Sacramento. To obtain permission, plaintiff is required to first show his parole officer that he has a place to stay in Sacramento that can be verified by the parole officer. Plaintiff contends that defendants were aware of his situation and that he requested a telephonic conference in place of the deposition.

It appears that plaintiff's main obstacle to attending his deposition was difficulty arranging transportation to Sacramento and lodging that could be verified by his parole agent. Nevertheless, defendants are entitled to discovery, which includes taking plaintiff's deposition, and if plaintiff fails to participate, sanctions may be imposed. Fed. R. Civ. P. 26, 30, 37. Defendants request sanctions of $150.00 for no-show fees they were required to pay the deposition service after the third time plaintiff canceled the deposition. Based on the foregoing record, plaintiff was not substantially justified in failing to appear at his deposition, and under the

circumstances such an award is just.  Therefore, plaintiff shall be required to pay sanctions of $150.00 to defendants.

### III.  CONCLUSION

In light of the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion for sanctions is GRANTED;
2. Within thirty days of the date of service of this order, plaintiff is required pay $150.00 to defendants; and
3. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **September 10, 2008**          /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE