UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE ROBINS, JR.,<br><br>    Plaintiff,<br>  v.<br><br>C/O ADAMS and C/O SILVA,<br><br>    Defendants.<br>_____/ | 1:05-cv-01285-GSA-PC<br><br>ORDER FOR THIS ACTION TO PROCEED ON MONETARY DAMAGES ONLY AS RELIEF |

**I.   BACKGROUND**

Plaintiff, Robert Lee Robins, Jr. ("Plaintiff"), is a former prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's action now proceeds on the original complaint filed on October 11, 2005, against Defendants Correctional Officer ("C/O") Adams and C/O Silva ("Defendants") for use of excessive force in violation of the Eighth Amendment of the United States Constitution.[1] The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this case has been assigned to Magistrate Judge Gary S. Austin for all further proceedings, including trial and final judgment. Jury trial is scheduled for January 26, 2009 at 8:30 a.m. before Magistrate Judge Gary S. Austin.

///

---

[1] On March 14, 2007, the Court ordered that this action proceed solely against defendants C/O Adams and C/O Silva on plaintiff's Eighth Amendment claim, and dismissed all remaining claims and defendants. (Doc. 19.)

1

In the complaint, Plaintiff alleges that on October 19, 2004, at approximately 21:00 hours, Defendants committed assault and battery upon his person, causing injuries. Plaintiff alleges that these two Defendants took him outside for the sole purpose of subjecting him to an unlawful beating while he remained handcuffed. Plaintiff alleges he was placing his property in his cell after he had been wrongfully moved from his prior cell. Plaintiff alleges he was told by Defendants that he had only two minutes to unload all of his property from the cart and when he was unable to do so, they became aggressive with him. Plaintiff alleges he was then told to "cuff up," complied with the order, and was taken outside where he was assaulted and battered. Plaintiff alleges he was repeatedly slammed against the outside of the building wall and that Defendant Adams grabbed him around the neck and began to choke him while slamming the right side of his face into the wall. Plaintiff alleges that other correctional officers watched but did nothing. Plaintiff alleges that Defendant Silva then began kicking Plaintiff behind his right and left legs causing him to fall to his knees into the cell. Plaintiff alleges that both Defendants then grabbed him and threw him against the lower locker head first.

Plaintiff seeks unspecified monetary damages against Defendants for violation of his constitutional rights and for mental and emotional suffering. Plaintiff also seeks injunctive relief, in the form of an injunction against Corcoran State Prison ("CSP") to refrain from future beatings, and restoration of funds to his inmate trust account.

## II.    PROSPECTIVE RELIEF

Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. 18 U.S.C. §3626(a)(1)(A).

As recited above, Plaintiff claims that his rights under the Eighth Amendment were violated when Defendants used excessive force on him, and Plaintiff seeks an injunction against CSP to

refrain from future beatings, and restoration of funds to his inmate trust account. An injunction prohibiting future beatings and restoring funds to Plaintiff's trust account would not remedy the past violation of Plaintiff's rights under the Eighth Amendment. Therefore, the injunctive relief that Plaintiff is seeking is not narrowly drawn to correct the alleged past violation.

More importantly, when a prisoner seeks injunctive relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. See Weinstein v. Bradford, 423 U.S. 147, 148-49 (1975) (finding prisoner's due process claim to be moot once he obtained a full release from prison supervision); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (finding prisoner's suit for library access to be moot upon his transfer to another prison); Chronicle Publishing Co. v. Rison, 962 F.2d 959, 960 (9th Cir. 1992) (finding a prisoner's suit challenging prison's publication regulations to be moot upon prisoner's release on parole). Plaintiff has been released on parole and is no longer incarcerated at CSP. Therefore, Plaintiff's claims for an injunction against CSP are moot, and this action should proceed as one for monetary damages only.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that this action now proceeds on monetary damages only as relief.


IT IS SO ORDERED.

Dated:   **January 8, 2010**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

3